**Steven McKNIGHT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–92–449–CR.**

Court of Appeals of Texas,
Fort Worth.

March 23, 1994.

746

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Betty Marshall, Charles M. Mallin, Lynn Allison Bollish, Terri Moore, Kenneth Mullen, Assts., Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

FARRIS, Justice.

Steven McKnight was convicted of murdering Millard Davis during an attempted drug robbery and sentenced to life imprisonment. *See* TEX.PENAL CODE ANN. § 19.03 (Vernon Supp.1994). On appeal, McKnight complains evidence of gang affiliation and of a defense witness's pending charges was erroneously admitted. We overrule McKnight's points and affirm his conviction because the right to free association was not implicated and evidence of pending charges was admissible to prove bias.

In points of error one, two, and three, McKnight maintains evidence implying he and the defense witness, Omar Anderson, are members of or connected with the Canine Posse gang should not have been admitted. Because no evidence of gang affiliation was actually admitted and the State pursued the gang affiliation line of questioning for impeachment purposes only, the trial court did not err in permitting the questions.

At a hearing outside the presence of the jury, the State expressed its intent to discredit Anderson's testimony by cross-examining him on his and McKnight's association with the Canine Posse, and by producing independent evidence of such involvement. The State further claimed it would prove the Canine Posse has an illegal purpose, that being to distribute narcotics. McKnight objected, claiming such evidence would violate his and Anderson's rights to free association, but the court ruled against him.[1]

Because all relevant evidence is admissible, except as otherwise provided by the constitution, by statute, or by applicable rule, we must determine whether evidence of gang association was relevant, and if it was, whether the constitution prohibited its admission. *See* FED.R.EVID. 402; TEX.R.CRIM.EVID. 402. Relevant evidence is any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Id.* at 401. A successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony. *United States v. Abel,* 469 U.S. 45, 49, 105 S.Ct. 465, 468, 83 L.Ed.2d 450 (1984). Evidence of gang membership bears on the witness's veracity and bias. *Abel,* 469 U.S. at 57, 105 S.Ct. at 471. Therefore, evidence showing McKnight's and Anderson's membership in the gang was sufficiently probative of Anderson's possible bias in favor of McKnight to warrant its admission into evidence. *Id.* 469 U.S. at 47, 105 S.Ct. at 467.

1. The First Amendment provision of the Texas Constitution warrants an analysis distinct from the federal constitutional analysis. *See Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App. 1991). However, because McKnight makes no distinction between the constitutions with regard to this matter, and absent authority to the contrary, our discussion applies to both.

■ Although relevant to warrant its admission, this evidence might nevertheless be inadmissible if it is excluded by constitution, statute, or rule. *See* FED.R.EVID. 402; TEX.R.CRIM.EVID. 402. The Constitution does not, however, erect a per se barrier to the admission of evidence concerning one's beliefs and associations simply because those beliefs and associations are protected by the First Amendment. *Dawson v. Delaware,* —— U.S. ——, ——, 112 S.Ct. 1093, 1097, 117 L.Ed.2d 309 (1992).

In *Abel,* the Supreme Court held that the government could impeach a defense witness by showing that both the defendant and the witness were members of the Aryan Brotherhood, and that members were sworn to lie on behalf of each other. *Abel,* 469 U.S. at 45, 105 S.Ct. at 465. Common membership of a witness and a party in an organization, even without proof that the witness or party has personally adopted its tenets, is probative of bias. *Id.* 469 U.S. at 51, 105 S.Ct. at 469. Therefore, evidence of McKnight's and Anderson's membership in the gang was properly admitted if it was admitted for the limited purpose of showing bias.

Before we determine whether the admission was so limited, we note that whether evidence of their membership was actually admitted is debatable because Anderson denied he and McKnight were members of the Canine Posse gang. The State offered no evidence proving otherwise. However, we will concede that the court's ruling permitted the State to at least suggest they were members of the gang.

The record reveals the jury was instructed to consider the evidence for impeachment purposes only. Also, the only purpose for the gang suggested was that it was organized to sell drugs, which is not the offense of which McKnight was convicted. After reviewing the record, we hold the State did not attempt to elicit evidence of gang involvement to convict McKnight of a crime, but only to impeach Anderson's testimony. Further, Anderson was subject to no sanction other than that he might be disbelieved. Therefore, contrary to McKnight's contention, *Dawson* does not control here and McKnight's and Anderson's rights to free association were not implicated. Points of error one, two, and three are overruled. *Dawson,* —— U.S. at ——, 112 S.Ct. at 1093.

In points of error four and five, McKnight complains the trial court erred in admitting evidence that Anderson had been convicted of murder and had two pending charges against him. In particular, McKnight claims by admitting the evidence, the trial court violated Rules 401, 403, and 404 of the Texas Rules of Criminal Evidence and article 37.07 of the Texas Code of Criminal Procedure. *See* TEX.R.CRIM.EVID. 401, 403, 404; TEX. CODE CRIM.PROC.ANN. art. 37.07 (Vernon 1981 & Supp.1994). Because this evidence established bias and was more probative than prejudicial, it was properly admitted.

■ The trial court properly overruled McKnight's article 37.07 and Rule 404 objections because they apply only to the admission of extraneous offenses of the accused. *See id.; Russell v. State,* 798 S.W.2d 632, 636 (Tex.App.—Fort Worth 1990, no pet.).

■ The test for the admissibility of an extraneous offense or transaction is whether it is relevant to a material issue of the case and the probative value outweighs its inflammatory or prejudicial potential. *Alexander v. State,* 740 S.W.2d 749, 762 n. 6 (Tex.Crim. App.1987); TEX.R.CRIM.EVID. 401, 403. As stated above, showing bias on the part of a witness has a tendency to make the facts to which he testified less probable in the eyes of the jury than they would be without such testimony. Therefore, evidence showing such bias is relevant and admissible unless it is excluded by constitution, statute, or rule, or its probative value is substantially outweighed by its prejudicial effect. *See Abel,* 469 U.S. at 49, 105 S.Ct. at 468.

■ The Texas Rules of Criminal Evidence require a final conviction for impeachment purposes. *See* TEX.R.CRIM.EVID. 609. However, the Court of Criminal Appeals has stated that, in limited circumstances, "proof of the fact that charges have been filed against a witness may become admissible upon a showing that such evidence tends to establish prejudice, interest, bias or motive of the witness...." *Murphy v. State,* 587 S.W.2d 718, 722 (Tex.Crim.App. [Panel Op.]

1979). The trial court has considerable discretion as to how bias is proven and as to what collateral evidence can be introduced for that purpose. *Kelley v. State,* 807 S.W.2d 810, 817 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

While we acknowledge that in most cases proof of a pending charge against a defense witness has no bearing on his motive to testify for an accused because generally he has nothing to gain, *see, e.g., Fentis v. State,* 528 S.W.2d 590 (Tex.Crim.App.1975), here, Anderson may gain retribution against the State because not only does he have pending charges, he has a recent conviction on appeal. The conviction was secured by the same prosecutor in this case and carries a life sentence. The record reveals a mutual animosity between Anderson and the prosecutor. The prosecutor acknowledged that Anderson knew, regardless of whether he testified in this case and no matter the substance of his testimony, the State intended to prosecute him to the full extent on his pending charges. Therefore, Anderson had little to lose as far as prejudicing his prosecution on the pending charges and a great deal of satisfaction to gain by retaliating with his testimony in this case. Therefore, evidence of his pending charges tends to prove his bias for the defendant and against the State.

Because the pending charges do not involve McKnight, the probative value of the evidence is not outweighed by its prejudicial effect. Consequently, the trial court did not abuse its discretion in admitting the evidence. Points of error four and five are overruled.

The judgment is affirmed.