**Stevie Lavaughn WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–97–410–CR.**

Court of Appeals of Texas, Waco.

Oct. 20, 1999.

Earl R. Waddell III, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Donald J. Piller, Asst. District Attorney, Charles M. Mallin, Asst. District Attorney, Richard Kevin Rousseau, Asst. District Attorney, Karen Atha Lynn, Asst. District Attorney, Fort Worth, for appellee.

Before Chief Justice DAVIS, Justice VANCE, Justice GRAY.

## O P I N I O N

REX D. DAVIS, Chief Justice.

A jury convicted Appellant Stevie Lavaughn Walker of aggravated sexual assault of a child under fourteen years of age and assessed punishment at seventy five years' imprisonment in the Texas Department of Criminal Justice—Institutional Division and a $10,000 fine. TEX. PEN.CODE ANN. §§ 22.021(a)(1)(B), (a)(2)(B) (Vernon 1998).

Walker presents three issues on appeal in which he claims that: (1) the trial court erred when it allowed evidence of extraneous offenses to be presented to the jury; (2) the trial court erred when it denied his motion for new trial based upon his complaint that the charge did not limit the jury to an offense that occurred before the victim's fourteenth birthday; and (3) he received ineffective assistance of counsel based upon his trial counsel's failure to request a limiting instruction as to the extraneous offenses.

We affirm the conviction.

## FACTUAL BACKGROUND

The victim, S.L., was six years old when her mother married Walker. S.L.'s mother and Walker remained married until S.L. was approximately seventeen years old. Throughout the majority of Walker's marriage to S.L.'s mother, Walker sexually, verbally, and physically abused S.L.

S.L. testified that Walker's sexual abuse began when she was five or six years old, approximately the time she entered kindergarten. S.L. testified that the first time Walker sexually abused her, she was in her mother's room. Walker entered the room and began to tickle her. He then put his hands on her chest, under her shirt. S.L. stated that Walker also touched her between her legs, inside her shorts. S.L. testified that Walker then performed oral sex on her. S.L. stated that during this incident, her mother arrived home and Walker stopped his assault. S.L. testified that Walker told her if she said anything that he would kill her, her mother, and her sister.

Approximately one year later, the family moved. Their new house had a garage which Walker used as a workshop. S.L. testified that while she was alone with Walker in the workshop, he would fondle her, try to penetrate her mouth with his penis, make her masturbate him while he touched her chest and genitals, and penetrate her vagina with his fingers.

S.L. testified about another, especially brutal incident with Walker. S.L. stated that Walker routinely searched through her and her sister's rooms. On one occasion, he discovered a packet of cocoa in her room. Walker became upset and stated that if S.L. and her sister kept food in their rooms, they would attract roaches in the house. Walker became further enraged and poured the package of dry cocoa powder down S.L.'s throat and then repeatedly hit her head against the wall. S.L. testified that she could not breathe and began to pass out. S.L. further testified that her mother tried to stop Walker and eventually was able to take her to a sink where her mother scraped out the dry cocoa powder.

S.L. also testified about another incident with Walker. S.L. stated that at the time when it occurred, her mother was pregnant with her sister A.W.[1] S.L. testified that while her mother was at work, she was alone with Walker and he would often take her to his room. On one occasion, Walker carried S.L. into his room on his shoulders, threw her down on the bed, took off her clothes, and made her watch a pornographic movie with him. During the movie, S.L. stated that Walker made her masturbate him, that he touched his mouth

---

1. S.L. was born in April of 1977. Her sister, A.W., was born in May of 1989. Therefore, S.L. would have been twelve years old at the time of this incident.

to her chest and genitals, and that he penetrated her vagina with his finger.

On another occasion, Walker climbed into bed with S.L. and placed his penis between her legs. S.L. testified that he rubbed his penis back and forth between her legs until he ejaculated. S.L. stated that at the time, Walker told her that he was doing her a favor so that she would know what to do when she had a boyfriend.

S.L. testified about yet another occasion in which Walker sexually assaulted her. S.L. stated that one time while she was taking a bath, she saw Walker looking at her underneath the bathroom door and through the vacant doorknob hole. S.L. testified that at the time of this incident, the bathroom door was off its hinges and was placed against the doorjamb and that its doorknob was removed. S.L. testified that she stuffed some towels under the door to block Walker's view. S.L. stated that Walker then removed the entire door under the guise of fixing the door right then and there. S.L. testified that she then covered herself with a towel and ran into her bedroom. S.L. stated that before she could dress, Walker came in and tore her towel off. S.L. stated that she then grabbed a handful of clothes in order to cover herself and that Walker jerked the clothes away as well. S.L. testified that she told Walker to leave and that if he did not, she was going to finally tell someone about him. S.L. testified that Walker then laughed and told her, "Like your mother is going to believe you anyway."

S.L. testified that in the beginning of her sophomore year at high school, she moved to her grandparents' house. S.L. stated that after she moved away, Walker's sexual abuse ended. S.L. further testified that Walker moved out of the house in the spring of 1995 and shortly thereafter, she contacted the police.

## EXTRANEOUS OFFENSES

Prior to trial, the court held a hearing regarding the admissibility of the extraneous offenses that the State planned to offer under Article 38.37 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 38.37 § 2 (Vernon 1998). Walker objected twice on the ground that the State's planned admission of the extraneous offenses violated Rule 403. The trial court overruled Walker's objections and granted him a running objection.

■ Walker's first issue on appeal claims that the trial court erred when it admitted evidence of his extraneous offenses and other bad acts committed against S.L. without conducting a balancing test after his Rule 403 objection. *See* TEX.R. EVID. 403. Walker claims that because the trial court failed to make a specific ruling concerning the probative value of the evidence, it did not conduct a balancing test and erroneously admitted the evidence based solely upon Article 38.37 of the Texas Code of Criminal Procedure.[2] Walker claims that if the trial court conducted a balancing test that it would not have admitted evidence of the extraneous acts because they were unfairly prejudicial and only offered for the purpose of inflaming the jury.

■ Texas Rule of Evidence 403 states that relevant evidence may be excluded if its probative value is *substantially outweighed* by its prejudicial value. TEX.R. EVID. 403; *Montgomery v. State,*

---

2. Article 38.37, section 2 of the Texas Code of Criminal Procedure provides:

   Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:

   (1) the state of mind of the defendant and the child; and
   (2) the previous and subsequent relationship between the defendant and the child. TEX.CODE CRIM. PROC. ANN. art. 38.37 § 2 (Vernon 1998).

810 S.W.2d 372, 377 (Tex.Crim.App.1991) (op. on reh'g) (emphasis in original). Upon a proper objection, the trial court is required to conduct a Rule 403 balancing test and determine the admissibility of the evidence. *Rojas v. State*, 986 S.W.2d 241, 250 (Tex.Crim.App.1998); *Williams v. State*, 958 S.W.2d 186, 195 (Tex.Crim.App. 1997). The trial court is not required to place the results of its balancing test on the record. *Rojas*, 986 S.W.2d at 250; *Williams*, 958 S.W.2d at 195. Rather, the trial court is presumed to engage in the required balancing test once a party objects on the ground of Rule 403 and it rules on the objection, unless the record indicates otherwise. *Rojas*, 986 S.W.2d at 250 (no error when trial court listened to defendant's Rule 403 objections and then overruled them); *Santellan v. State*, 939 S.W.2d 155, 173 (Tex.Crim.App.1997). We review the trial court's determination under an abuse of discretion standard. *Jones v. State*, 944 S.W.2d 642, 651 (Tex. Crim.App.1996); *Montgomery*, 810 S.W.2d at 378–79.

Evidence of Walker's extraneous acts illustrated that S.L. was continually subjected to numerous sexual and physical assaults. From this evidence, the jury could posit an explanation as to why S.L. did not report Walker's abuse sooner. Therefore, this evidence had a direct bearing on Walker's and S.L.'s state of mind and on their previous and subsequent relationship and thus, was admissible under Article 38.37. *See* TEX.CODE CRIM. PROC. ANN. art. 38.37 § 2 (Vernon 1998).

■ When evidence of a defendant's extraneous acts is relevant under Article 38.37 of the Texas Code of Criminal Procedure, the trial court is still required to conduct a Rule 403 balancing test upon a proper objection. *Poole v. State*, 974 S.W.2d 892, 897 (Tex.App.—Austin 1998, no pet.); *Ernst v. State*, 971 S.W.2d 698, 700–01 (Tex.App.—Austin 1998, no pet.); *see Stahle v. State*, 970 S.W.2d 682, 689 (Tex.App.—Dallas 1998, pet. ref'd); *Hinds v. State*, 970 S.W.2d 33, 35 (Tex.App.— Dallas 1998, no pet.).

■ Since the record does not indicate otherwise, we presume that the trial court conducted a balancing test based upon Walker's objection and its subsequent ruling. *See Rojas*, 986 S.W.2d at 250; *Santellan*, 939 S.W.2d at 173. Because Rule 403 favors the admissibility of relevant evidence, there is a presumption that relevant evidence will be more probative than prejudicial. *Massey v. State*, 933 S.W.2d 141, 154 (Tex.Crim.App.1996); *Montgomery*, 810 S.W.2d at 389. After our review of the evidence, we hold that the probative value of Walker's extraneous offenses was not substantially outweighed by its prejudicial value. *See* TEX.R. EVID. 403. Therefore, the trial court did not abuse its discretion when it admitted the evidence.

We overrule Walker's first issue.

## COURT'S CHARGE TO THE JURY

■ Walker's second issue on appeal claims that the trial court erred when it overruled his motion for new trial based upon the fact that the application paragraph of the court's charge did not limit the jury to an offense that was committed before S.L.'s fourteenth birthday.[3] Walker claims that because both the indictment and the application paragraph of the charge allege an "on or about" date of September 1, 1992, a date on which S.L. was fifteen years old, that the jury could have convicted him on the basis of acts

**3.** At the close of the evidence, Walker requested that the State elect which act it intended to rely upon for conviction. The State elected the incident in which Walker placed S.L. on his shoulders, took her to his bedroom, made S.L. masturbate him, and penetrated S.L.'s vagina with his finger—referred to as the "shoulders" incident. When the evidence shows two or more acts of intercourse and the indictment alleges a single act of intercourse, the State must elect which act it intends to rely upon, provided the defendant makes a motion for election. *Scoggan v. State*, 799 S.W.2d 679, 680 n. 3 (Tex.Crim. App.1990); *Wilson v. State*, 976 S.W.2d 254, 257 (Tex.App.—Waco 1998, no pet.).

that occurred after S.L.'s fourteenth birthday. We review the trial court's denial of a motion for new trial under an abuse of discretion standard. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App.1995).

■■ The State is not bound by the "on or about" date alleged in the indictment. *Yzaguirre v. State*, 957 S.W.2d 38, 40 (Tex.Crim.App.1997); *Scoggan v. State*, 799 S.W.2d 679, 680 n. 3 (Tex.Crim.App. 1990). The "on or about" language in an indictment allows the State to prove a date other than the date alleged in the indictment, as long as the date is anterior to the presentment of the indictment and within the offense's statutory limitation period. *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim.App.1997); *Scoggan*, 799 S.W.2d at 680 n. 3. The statute of limitations for aggravated sexual assault of a child under the age of fourteen is ten years from the date of the victim's eighteenth birthday. TEX.CODE CRIM. PROC. ANN. art. 12.01(5)(C) (Vernon 1998).

The "on or about" date in the indictment was anterior to the presentment date of the indictment and within the statutory period of limitations for the offense of aggravated sexual assault and therefore, was proper. However, Walker complains that the application paragraph of the court's charge failed to restrict the jury to consider only the elected offense and that they were free to consider other offenses that occurred when S.L. was fifteen years old. The court's charge read, in pertinent part, as follows:

> The Defendant, Stevie Lavaughn Walker, stands charged by indictment with the offense of aggravated sexual assault of a child, alleged to have been committed in Tarrant County, Texas, on or about the 1st day of September, 1992. To this charge the Defendant has pleaded not guilty.

> A person commits the offense of aggravated sexual assault if ... and the victim is younger than 14 years of age.

> * * *

> You are further charged as the law in this case that the State is not required to prove the exact date alleged in the indictment, to-wit: September 1, 1992, but may prove the offense, if any, to have been committed at any time prior to the presentment of the indictment, as long as said offense, if any, occurred within ten (10) years of the date of the presentment of the indictment ...

> * * *

> Now, if you find from the evidence beyond a reasonable doubt that the Defendant, Stevie Lavaughn Walker, in Tarrant County, Texas, on or about the 1st day of September, 1992, did then and there intentionally or knowingly cause the sexual organ of S.L., a child younger than 14 years of age who was not the spouse of said Defendant to contact the mouth of said Defendant; or if you find from the evidence beyond a reasonable doubt that the Defendant, Stevie Lavaughn Walker, in Tarrant County, Texas, on or about the 1st day of September, 1992, did then and there intentionally or knowingly cause the sexual organ of S.L., a child younger than 14 years of age who was not the spouse of said Defendant to contact the sexual organ of said Defendant; or if you find from the evidence beyond a reasonable doubt that the Defendant, Stevie Lavaughn Walker, in Tarrant County, Texas, on or about the 1st day of September, 1992, did then and there intentionally or knowingly cause the penetration of the female sexual organ of S.L., a child younger than 14 years of age who was not the spouse of said Defendant by inserting his finger into her female sexual organ, then you will find the Defendant guilty of the offense of aggravated sexual assault of a child, as charged in the indictment.

> * * *

■ Error in the jury charge, if properly preserved by an objection, re-

quires reversal of the conviction "as long as the error is not harmless." *Hutch v. State,* 922 S.W.2d 166, 170–71 (Tex.Crim. App.1996) (quoting *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g)). Harmless error is error that is calculated to injure the rights of the defendant, "which means no more than there must be some harm to the accused from the error." *Garcia v. State,* 919 S.W.2d 370, 396 (Tex.Crim.App.1994) (quoting *Almanza,* 686 S.W.2d at 171); *Hines v. State,* 978 S.W.2d 169, 174 (Tex.App.—Texarkana 1998, no pet.) (properly preserved jury charge error is reversible unless harmless). In determining whether the defendant suffered harm, we may consider the following factors: (1) the charge itself; (2) the state of the evidence including contested issues and the weight of the probative evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Hutch,* 922 S.W.2d at 171; *Garcia,* 919 S.W.2d at 396. Because Walker preserved the jury charge error, we must determine whether the error in the charge caused some harm or whether it was harmless.

Assuming, without deciding, that the trial court erred when it failed to change the "on or about" date in the charge to a date in which S.L. was younger than fourteen years of age, we will examine whether the error caused Walker some harm and merits the reversal of his conviction or whether it was harmless. Within the charge, after every mention of the "on or about" date of September 1, 1992, the trial court further instructed the jury that in order for them to find Walker guilty, they must find that S.L. was younger than fourteen years of age at the time of the offense. Looking at the second factor, the evidence at trial was sufficient, if not overwhelming, that Walker was guilty of aggravated sexual assault of a child younger than fourteen years of age. S.L. testified about numerous instances of Walker's sexual abuse, the majority of which occurred when she was under the age of fourteen. Third, the State emphasized to the jury during its closing arguments that they must keep in mind S.L.'s age at the time of the offense.[4] We find that any error was harmless and therefore, Walker's conviction does not merit reversal.

Accordingly, we overrule Walker's second issue.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Walker's third issue on appeal claims that his trial counsel rendered ineffective assistance of counsel because he failed to request a limiting instruction as to the extraneous offenses and bad acts that were admitted under Article 38.37 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 38.37 § 2 (Vernon 1998). Walker claims that if his trial counsel requested a limiting instruction, the jury would have been on notice as to which act the State was relying upon for conviction and it would have prevented the State from using the extraneous acts as general evidence of his guilt.

A claim of ineffective assistance of counsel at the guilt-innocence

---

4. The State's closing argument, in relevant part:

    \*     \*     \*     \*     \*     \*

    Ladies and gentlemen, I want to cover a few of the technicalities that we're looking at first. I think that they've been pretty well resolved by now, but when you're reading through the charge, I want you to remember some things.

    That there was a ten-year statute of limitations. That means that we were required to prove that the crime occurred within ten years prior to the date of the indictment. The indictment was returned on August 20th of '97. And the State's proof, therefore, had to show that the crime occurred between then and 8/21/87. You'll recall that S.L.'s date of birth was April 25th of 1977, so she was 14 years old on April 25th of 1991. So the critical period that we're really talking about is the abuse that occurred between the dates of 1987 and 1991.

    \*     \*     \*     \*     \*     \*

phase requires a defendant to show that: (1) counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). In order to show prejudice, the defendant must show that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App.1998); *Valencia v. State*, 946 S.W.2d 81, 83 (Tex. Crim.App.1997); *Chambers v. State*, 903 S.W.2d 21, 32 (Tex.Crim.App.1995). The defendant has the burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim.App.1996).

■■■ Our review of a claim of ineffective assistance of counsel is highly deferential. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *McFarland*, 928 S.W.2d at 500. We view the defendant's representation from trial counsel's perspective at trial and not with hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Madden v. State*, 911 S.W.2d 236, 241 (Tex.App.— Waco 1995, pet. ref'd). We must indulge a strong presumption that trial counsel's conduct falls within a wide range of reasonable representation and that the challenged action might be considered sound trial strategy. *McFarland*, 928 S.W.2d at 500; *Jackson*, 877 S.W.2d at 771. The defendant must affirmatively prove that the acts or omissions alleged to constitute ineffective assistance of counsel fall below the professional norms for reasonableness. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *McFarland*, 928 S.W.2d at 500. After proving error, the defendant must affirmatively prove prejudice as a result of those acts or omissions. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *McFarland*,

928 S.W.2d at 500. Trial counsel's error, even if professionally unreasonable, does not warrant setting the conviction aside if his error had no effect on the judgment. *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066. The defendant must prove that trial counsel's errors, judged by the totality of representation and the totality of the evidence before the jury, denied him a fair trial. *McFarland*, 928 S.W.2d at 500. If the defendant fails to make the required showing of either deficient performance or prejudice, his claim must fail. *Id.*

■■■ Upon a timely request, a defendant is entitled to an instruction by the trial court limiting the jury's consideration of the extraneous offenses to those purposes for which they are admitted. *Abdnor v. State*, 871 S.W.2d 726, 738 (Tex. Crim.App.1994). The trial court's failure to give such an instruction after a timely request is reversible error. *Id.*

As stated before, we indulge a strong presumption that Walker's trial counsel's conduct was reasonable and that his actions might be considered sound trial strategy. However, in the instant case, we cannot indulge that presumption. Walker, during the hearing on his motion for new trial, asked his trial counsel if he declined to request a limiting instruction on the basis of trial strategy. Walker's trial counsel responded, "Yes." Several questions later, Walker asked his trial counsel if he affirmatively, as a trial strategy, did not ask for a limiting instruction. Walker's trial counsel responded, "No." Based upon trial counsel's answers, we cannot, in good conscious, indulge in the presumption that his trial counsel's failure to request a limiting instruction was sound trial strategy.

However, even without the usual presumption that trial counsel acted according to sound trial strategy, Walker has not met his burden to prove that as a result of his trial counsel's failure to request a limiting instruction, the result of his trial would have been different. Further, the trial court included a limiting instruction

in the charge, fully explaining to the jury that S.L. must have been younger than fourteen years of age at the time of the offense. Therefore, even if Walker's trial counsel was ineffective, there existed sufficient evidence upon which to convict Walker. Further, the trial court's limiting instruction in the charge negated any possibility that the jury would have relied upon the offenses about which he complains. *See Yzaguirre*, 957 S.W.2d at 39 (even if trial counsel's failure to request limiting instruction was ineffective assistance, because there existed sufficient evidence to convict defendant absent alleged ineffectiveness and no other reasons for finding prejudice was apparent, defendant failed to meet his burden).

We overrule Walker's third issue.

For the reasons stated above, we affirm the trial court's judgment.