**Affirmed and Memorandum Opinion filed July 16, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00688-CR

---

**SHERMAN STILLWELL GRIFFIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1225094**

---

## M E M O R A N D U M   O P I N I O N

Appellant Sherman Stillwell Griffin appeals his conviction for aggravated sexual assault of a child, asserting that the trial court erred in denying appellant's motions for mistrial and that he received ineffective assistance of counsel. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment in cause number 1225094 with the

offense of aggravated sexual assault of a child under the age of fourteen, which was alleged to have occurred on or about May 1, 2003. Appellant also was charged in cause number 1225095 with the offense of aggravated sexual assault of a child under the age of fourteen, which conduct was alleged to have occurred on or about May 27, 2007. The named complainant in both cases is appellant's daughter. Appellant pleaded "not guilty" to the charges.[1]

In the consolidated trial that followed, the State elicited testimony from the complainant about appellant's sexual misconduct with her that started in 2003, when she was about twelve years of age, and continued several times each week through 2007, when she was older than fourteen years of age. Although the complainant testified with details about some incidents, the complainant had difficulty recalling specific details about every encounter, explaining that the conduct occurred so frequently that she could not differentiate the dates and incidents.

After the trial commenced, the State moved to dismiss the charge in cause number 1225095, and the trial court granted the motion. The jury found appellant guilty as charged in the remaining case (cause number 1225094). Appellant was sentenced to forty-five years' confinement.

## THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTIONS FOR MISTRIAL

In his first and third issues, appellant asserts that the trial court erred in denying his motions for mistrial. We review a trial court's denial of a motion for mistrial under an abuse-of-discretion standard. *See Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009); *Austin v. State*, 222 S.W.3d 801, 815 (Tex. App.—

---

[1] Appellant also was charged with aggravated sexual assault of a child in two other cause numbers, involving other complainants as well as two offenses involving "illegal dumping." Those cause numbers are not at issue in this appeal.

Houston [14th Dist.] 2007, pet. ref'd). Accordingly, we view the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the trial court at the time of the ruling. *See Ocon*, 284 S.W.3d at 884. We uphold the ruling if the decision was within the zone of reasonable disagreement. *Id.*

A mistrial is a remedy intended for extreme circumstances when prejudice is incurable and less drastic alternatives have been explored. *See id.* In determining whether a prejudicial event was so harmful to warrant reversal on appeal, we consider the prejudicial effect, the curative measures taken, and the certainty of conviction absent the prejudicial event. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (citing factors set forth in *Moseley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998)); *Austin*, 222 S.W.3d at 815. Though seeking lesser remedies is not a prerequisite to a motion for mistrial, if a movant does not first seek lesser remedies, a reviewing court will not reverse the trial court's judgment when those alternatives could have cured the problem. *See Ocon*, 284 S.W.3d at 885.

### *Alleged Improper Admission of Extraneous-Offense Evidence by Virtue of the Dismissal of Cause Number 1225095*

In his first issue appellant asserts the trial court should have granted his request for a mistrial on the ground that, as a result of the dismissal of cause number 1225095, prejudicial extraneous-offense evidence from cause no. 1225095 was admitted. There is no record of discussions, if any, leading to the dismissal of cause number 1225095.

The record reflects that on the day after the trial court granted the State's motion to dismiss, appellant moved for mistrial. Appellant asserted that by the State's presentation of unspecified evidence related to cause number 1225095

before the dismissal of that case, he was denied an opportunity to object to the introduction of the extraneous-offense evidence related to that case. Appellant also asserted he was denied an opportunity to object to the introduction of extraneous-offense evidence pertaining to conduct that occurred after 2003.

The trial court denied the motion for mistrial and instructed the jury that its consideration of the evidence related to that cause number could not be considered for any purpose unless the jury found beyond a reasonable doubt that appellant had committed such other offense or offenses, if any. The jury was instructed further that it could only consider this evidence in determining motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.[2]

Presuming for the sake of argument that appellant preserved error, his argument would afford no basis for relief. The extraneous-offense evidence was properly admitted as evidence of subsequent history between the parties, and the trial court did not err in denying the motion for mistrial on this basis. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (West Supp. 2012) (providing that evidence of other crimes, wrongs, or acts committed by a defendant against a child complainant who is the victim of the alleged offense shall be admitted for its bearing on all relevant matters, including the state of mind of the defendant and the child and the previous and subsequent relationship between the defendant and the child); *Dixon v. State*, 201 S.W.3d 731, 734 (Tex. Crim. App. 2006) (allowing for the admission of extraneous-offense evidence pursuant to 38.37 to show previous and subsequent relationship between appellant and the complainant); *Bargas v. State*, 252 S.W.3d 876, 900 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (allowing for the admission of extraneous-offense evidence involving child

---

[2] Such language tracks Texas Rule of Evidence 404(b), which provides that extraneous-offense evidence, if relevant apart from proving conformity with bad character, may be admitted for other purposes. *See* Tex. R. Evid. 404(b).

complainant and the accused under article 38.37 to prove previous and subsequent relationship between the two).

As part of his first issue, appellant asserts that the State's decision to proceed to trial on cause number 1225095, when it should have realized that the indictment was deficient, was deliberate misconduct or gross negligence. The record does not reflect the reasons for either moving to dismiss cause number 1225095 or granting the request for dismissal. The record also does not reflect that appellant asserted allegations of deliberate misconduct or gross negligence by the State in the trial court. Because appellant failed to voice these complaints in the court below, he has failed to preserve this argument for appellate review. *See* Tex. R. App. P. 33.1(a)(1); *See Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012) (providing that party never objected to prosecutorial misconduct at trial and forfeited appellate claim by failing to preserve error).

Appellant also asserts that his right to due process was denied by the improper admission of the evidence of the 2007 conduct and that he should have had a chance to object. On this basis, he asserts that his substantial rights were affected, amounting to harmful error. Appellant did not assert any due-process objection at trial and therefore waived any error for this complaint. *See Clark*, 365 S.W.3d at 340; *Temple v. State*, 342 S.W.3d 572, 593 n.4 (Tex. App.—Houston [14th Dist.] 2010), *aff'd*, 390 S.W.3d 341 (Tex. Crim. App. 2013). Likewise, although appellant alludes to error under Texas Rule of Evidence 403, no such objection was raised at trial. Therefore, appellant also has failed to preserve error on his argument that the evidence was not admissible under Rule 403. *See* Tex. R. App. P. 33.1(a)(1). We overrule appellant's first issue.

### *A Witness's Reference to Multiple Victims*

In his third issue, appellant asserts that the trial court erred in denying his

motion for mistrial after a State's witness, a police sergeant who had conducted an investigation, referred to the complainant as "one of the victims." According to appellant, the jury was improperly influenced by the sergeant's testimony that there was more than one victim involved.

The record reflects that appellant asserted no contemporaneous objection to the reference. The witness answered several more questions before the trial court ordered the jurors to exit the courtroom and then admonished the witness to limit his testimony to only the one complainant in this case. The trial court instructed the witness to make no reference to other victims or other cases. Although the record reflects that the jury had returned to the courtroom, at the bench, appellant objected to the reference as a violation of his pretrial motion in limine granted by the trial court. The trial court offered two possible courses of action: (1) to instruct the jury not to consider the reference; or (2) to continue with the trial without any other instruction to the jury about the reference. The trial court pointed out that an instruction might draw attention to the improper reference but indicated its willingness to give the instruction if appellant requested it. Appellant's trial counsel stated, "I don't want you to talk to the jury."

Appellant did not move for mistrial until after three more of the prosecutor's questions had been asked and answered. Presuming for the sake of argument that appellant preserve his complaint for appellate review, he cannot prevail. A prompt instruction to disregard usually will cure any prejudice resulting from improper testimony regarding an extraneous offense even if the testimony was given in violation of a motion in limine. *Austin*, 222 S.W.3d at 813, 816. Appellant did not assert any objection to the witness's reference to other victims. And, when given the opportunity for a curative instruction, appellant opted against it. When, as in this case, an instruction to disregard could have cured the problem,

we will not reverse a judgment on an appeal by a party who did not request the lesser remedy. *See Ocon*, 284 S.W.3d at 885 (considering that the appellant did not request alternative remedies before moving for mistrial); *Young*, 137 S.W.3d at 70; *Phillips v. State*, 130 S.W.3d 343, 348 (Tex. App.—Houston [14th Dist.] 2004) (concluding that trial court did not abuse its discretion in denying motion for mistrial after a witness made a vague, isolated comment referring to other complainants and the trial court rendered a curative instruction to the jury), *aff'd*, 193 S.W.3d 904 (Tex. Crim. App. 2006). We overrule appellant's third issue.

## INEFFECTIVE-ASSISTANCE-OF-COUNSEL ARGUMENT

In his second issue, appellant asserts that he received ineffective assistance of counsel because his trial counsel failed to object to allegedly inadmissible evidence. According to appellant, his trial counsel should have investigated and moved to dismiss cause number 1225095, filed a motion to quash the indictment, or objected at trial to the admission of evidence regarding this alleged offense.

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (West 2005). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 687–92; *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

7

In assessing appellant's claims, we apply a strong presumption that trial counsel was competent. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial,[3] it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). On such a silent record, this court can find ineffective assistance of counsel only if the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Appellant asserts that his trial counsel repeatedly failed to object to allegedly inadmissible evidence relating to cause number 1225095. On this record we cannot conclude that trial counsel's failure to object to testimony relating to cause number 1225095 or other extraneous-offense evidence renders counsel's performance deficient. The testimony was admissible under article 38.37 of the Texas Code of Criminal Procedure to show the state of mind of appellant and the child and to show the previous and subsequent relationship between the two. *See* Tex. Code Crime. Proc. Ann. art. 38.37 (West Supp. 2012); *Bargas*, 252 S.W.3d at 900 (allowing for the admission of extraneous-offense evidence involving child

---

[3] The record contains appellant's pro se motion for new trial, which was untimely because it was filed forty-one days after sentencing. *See* Tex. R. App. P. 21.4(a). The trial court did not rule on the motion, and appellant does not contend that the trial court should have ruled on the motion.

complainant and the accused under article 38.37 to prove previous and subsequent relationship between the two). The failure to object to admissible evidence will not support a claim for ineffective assistance. *See McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992), *overruled on other grounds*, *Bingham v. State*, 915 S.W.2d 9, 10 (Tex. Crim. App. 1994); *Moore v. State*, 4 S.W.3d 269, 278 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

To establish ineffective assistance for failure to file a motion to quash the indictment in cause number 1225095 or move to dismiss it, appellant must demonstrate that he would have succeeded on the motion. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *Keller v. State*, 125 S.W.3d 600, 607–08 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd*, *improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004) (per curiam). Appellant presumes that the indictment in cause number 1225095 was dismissed because on the date alleged in the indictment, the child was older than fourteen years of age. But, the record is completely devoid of any explanation why trial counsel did not seek dismissal of the indictment or the trial court's reason for dismissing that cause number. *See id.* at 608. Without a record reflecting the reasons for the dismissal, we are unable to discern why counsel made the decision not to challenge the indictment. *See Thompson*, 9 S.W.3d at 813; *Keller*, 125 S.W.3d at 607–08 (providing that absent a record explaining counsel's reasons for not challenging an indictment, appellant has not established that he would have prevailed on a motion to quash or dismiss the indictment).

It is entirely possible that trial counsel believed the indictment was not defective because it alleged elements of an offense and because the State was not bound by the "on or about" language contained in the indictment, allowing for the State to prove a date other than the one alleged as long as the date was anterior to

the presentment of the indictment and within the statutory limitations period. *See Hendrix v. State*, 150 S.W.3d 839, 853 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd); *Walker v. State*, 4 S.W.3d 98, 104 (Tex. App.—Waco 1999, pet. ref'd) (providing that indictment, containing "on or about" language was proper even though the date alleged was after a sexual-assault complainant's fourteenth birthday). Likewise, for other reasons, trial counsel's decision could have been a matter of strategy.

On this silent record, appellant has not demonstrated that trial counsel provided ineffective assistance. *See Keller*, 125 S.W.3d at 607–08 (providing the record did not reflect counsel's reasons for not seeking dismissal of indictment and that appellant did not establish that he would have prevailed on a motion to dismiss when the indictment contained all of the elements of an offense and could have been amended to correct for defects in form or substance). *See also Thacker v. State*, 999 S.W.2d 56, 67 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (providing that failure to file a motion to quash or object to an indictment does not constitute ineffective assistance if the indictment was legally sufficient because trial counsel is not ineffective for failing to make meritless objections). We overrule appellant's second issue.

The trial court's judgment is affirmed.


/s/     Kem Thompson Frost
        Justice


Panel consists of Justices Frost, Boyce, and Donovan.

Do Not Publish — TEX. R. APP. P. 47.2(b).

10