

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00120-CR

SERGIO MALDONADO FACUNDO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-16-25804

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Near the end of the guilt/innocence phase of Sergio Maldonado Facundo's trial for continuous sexual abuse of a young child,[1] the State sought to introduce evidence of a prior sexual offense involving a different minor pursuant to Article 38.37 of the Texas Code of Criminal Procedure.[2]  In spite of Facundo's objection under Rule 403 of the Texas Rules of Evidence, the trial court admitted the evidence.  Ultimately, a Fannin County jury convicted Facundo, and he was sentenced to life in prison, as assessed by the jury.  In one issue on appeal, Facundo complains that the trial court erred in failing to conduct a balancing test under Rule 403 before admitting the extraneous-offense evidence.  Because nothing in the record demonstrates that the trial court failed to conduct a balancing test, we will affirm the trial court's judgment.

*The Trial Court Is Presumed to Have Engaged in the Balancing Test*

During Facundo's case-in-chief at the guilt/innocence phase of his trial, Facundo called Claudia Zuniga, his wife, to testify on his behalf.  While cross-examining Zuniga, the State sought to introduce evidence of a prior arrest of Facundo for indecency with a child by exposure[3] and his resulting conviction for indecent exposure.[4]  In a hearing outside the presence of the jury, the State offered the extraneous-offense evidence pursuant to Article 38.37, Section 2(b), arguing that it was admissible to show Facundo's predilection toward children.  Facundo objected that the probative

---

[1] *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2017).

[2] *See*  TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2 (West Supp. 2017).

[3] *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (West Supp. 2017).

[4] *See* TEX. PENAL CODE ANN. § 21.08(a) (West 2011).

value of the evidence was substantially outweighed by its prejudice.  *See* TEX. R. EVID. 403.  After hearing the arguments of counsel that centered primarily on the admissibility of the evidence under Article 38.37, the trial court granted the State's request.

Facundo argues that, after he objected under Rule 403, the trial court was required to conduct a balancing test under that rule, yet the trial court's focus on Article 38.37 shows that it did not conduct this analysis.[5]  We disagree.

Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice."  TEX. R. EVID. 403; *Montgomery v. State*, 810 S.W.2d 372, 377 (Tex. Crim. App. 1991) (op. on reh'g).  Upon a proper objection, the trial court is required to conduct a Rule 403 balancing test to determine whether the evidence should be excluded.  *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997); *Crivello v. State*, 4 S.W.3d 792, 797 (Tex. App.—Texarkana 1999, no pet.).  Even if evidence of an extraneous offense is admissible under Article 38.37, the trial court must conduct the balancing test if an objection under Rule 403 is asserted.  *See Walker v. State*, 4 S.W.3d 98, 102–03 (Tex. App.—Waco 1999, pet. ref'd).  However, the trial court is not required to conduct a formal Rule 403 hearing, to announce that it is conducting the balancing test, or to sua sponte place on the record its findings and conclusions regarding the test.  *Williams*, 958 S.W.2d at 195; *Crivello*, 4 S.W.3d at 797.  Further, when Rule 403 has been invoked, we presume that the trial court engaged

---

[5]Facundo does not argue that, if the trial court had conducted a balancing test under Rule 403, it would not have admitted the evidence because of a danger of unfair prejudice.

in the balancing test, even when the record is silent on the subject. *Williams*, 958 S.W.2d at 195–96; *Crivello*, 4 S.W.3d at 797.

Facundo has not identified, and we have not found, anything in the record that overcomes the presumption that the trial court engaged in the Rule 403 balancing test. Therefore, we find that his contention is without merit and overrule Facundo's sole issue.[6]

For the reasons stated, we affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     January 25, 2018
Date Decided:       February 1, 2018

Do Not Publish

---

[6]Facundo also includes in his argument under this issue a complaint that the notice required by Article 38.37, Section 3, was improper since it was made by email. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 3 (West Supp. 2017). He argues, without citation to any authority, that service by email is improper except through the e-filing system. To the extent Facundo seeks to assert this argument as a separate issue, it has been forfeited. Appellate counsel is required to "cite specific legal authority and to provide legal argument based on that authority." *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (citing *Vuong v. State*, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992)). Where adequate briefing is not provided, the contention may be overruled. *Id.*; *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995). We also note that the State represented to the trial court that it had emailed the notice of its intent to use the offenses on March 28, 2017, more than forty days before trial, and that it had confirmation of defense counsel's receipt. Facundo's trial counsel then acknowledged receipt of the email, and he made no objection or argument that this notice was inadequate, unreasonable, or improper.