# Court of Appeals
## Tenth Appellate District of Texas

### 10-23-00382-CR

Pascual Alfonse Torres,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
54th District Court of McLennan County, Texas
Judge Susan N. Kelly, presiding
Trial Court Cause No. 2018-1534-C2

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Following a jury trial, Pascual Alfonse Torres was convicted of one count of aggravated sexual assault of a child and one count of indecency with a child. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021. The jury assessed his punishment at seven years in prison and at six years in prison, respectively. In his sole issue on appeal, Torres claims that the trial court abused its discretion by admitting extraneous-offense testimony because the probative value was

substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. We affirm.

WAIVER OF APPELLATE REVIEW

An appellant waives an issue on appeal if he does not adequately brief that issue by not providing supporting arguments, substantive analysis, and appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896-97 (Tex. Crim. App. 2011). Erroneous admission of evidence over a Rule 403 objection is nonconstitutional error subject to a harm analysis under Rule 44.2(b). *Perez v. State*, 562 S.W.3d 676, 691 (Tex. App.—Fort Worth 2018, pet. ref'd).

Although Torres performed an error analysis in his brief, he did not address the question of whether the alleged error in admitting the complained-of evidence was harmful. *See Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (holding an issue was inadequately briefed where "appellant d[id] not address the question of whether the alleged error … was harmless"). Construing his brief liberally, the only potential statement regarding harm is where Torres "asserts that the facts of eight extraneous offenses for which the State spends approximately 90% of its case in chief before the charged offenses are even discussed is unfairly prejudicial and should be considered as such ipso facto."

Because Torres's brief contains no argument, discussion, substantive analysis, or citation to authorities to show that he was harmed by the trial court's purported erroneous admission of the evidence, he has waived his sole issue presented on appeal. Even so, in the interest of justice, we will consider the merits of his complaint.

ERROR ANALYSIS

We review a trial court's admission of extraneous-offense evidence for an abuse of discretion. *Gonzales v. State,* 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). Section 1(b) of article 38.37 of the Code of Criminal Procedure states:

> (b) Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> > (1) the state of mind of the defendant and the child; and
> > (2) the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b). That evidence may, however, still be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.[1] TEX. R. EVID. 403; *Walker v. State*, 4 S.W.3d 98, 102-03 (Tex. App.—Waco 1999, pet. ref'd). Rule 403 favors the admissibility of

---

[1] A Rule 403 balancing test also contemplates the danger of undue delay or needlessly presenting cumulative evidence; however, Torres does not contend that either of these factors are at issue.

relevant evidence and it is presumed that relevant evidence will be more probative than prejudicial. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g). In reviewing a Rule 403 challenge on appeal, we consider the following non-exclusive factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Perkins v. State*, 664 S.W.3d 209, 216 (Tex. Crim. App. 2022).

The indictment charged Torres with causing the complainant's sexual organ to contact his sexual organ and causing the complainant to touch his genitals when Torres was at least 17 years of age. Torres is approximately six years older than the complainant. In a hearing outside the jury's presence, the State proffered the complainant's testimony about several instances of extraneous sexual conduct allegedly committed by Torres when he and the complainant were both juveniles. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1. The complainant testified that she was approximately five or six years old and Torres was approximately eleven or twelve years old when the extraneous sexual conduct began, which included several instances of Torres touching the complainant's breasts and genitals and causing her to touch his genitals. The trial court, finding that the probative value clearly outweighed any prejudicial

effect, overruled Torres's Rule 403 objection to the testimony and granted a running objection.

The complainant testified in front of the jury about the extraneous sexual conduct and the two charged offenses. Torres testified in his own defense at trial and admitted to some, but not all, of the extraneous conduct. He claimed that the last incident of sexual activity he engaged in with the complainant occurred when he was eleven years old.

On appeal, Torres concedes that the first two factors weigh in favor of admissibility. We agree. The complained-of evidence involves multiple instances over the course of several years of Torres touching the complainant's breasts and vagina and causing the complainant to touch his penis. This evidence is highly probative, as these instances are similar to the charged conduct, are not remote in time, and are indicative of Torres's intent and propensity to commit sexual assaults against children. *See Price v. State*, 594 S.W.3d 674, 680 (Tex. App.—Texarkana 2019, no pet.). As contemplated by the statute, these instances are also relevant to show Torres's state of mind and his previous and subsequent relationship with this specific complainant. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1.

Further, the potential to impress the jury in some irrational yet indelible way was minimized by the use of a limiting instruction in the jury charge. *See*

*McGregor v. State*, 394 S.W.3d 90, 120-21 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). The limiting instruction admonished the jury about the purpose and scope for which they could consider the extraneous evidence. Additionally, during closing argument, the State emphasized that Torres was charged only with offenses that occurred when he was an adult, and that the jury was only permitted to consider the juvenile extraneous-offense evidence "in deciding if the Defendant is guilty for his actions that he committed when he was 17." To further avoid confusion, the State identified exactly which two instances of sexual conduct the jury should rely upon to find Torres guilty in each count, both of which would have occurred when Torres was at least 17 years old.

We also find that the State had a considerable need for the evidence. This case was a "he said, she said" case, "unaided by any physical, scientific, or other corroborative evidence." *Hammer v. State*, 296 S.W.3d 555, 561-62 (Tex. Crim. App. 2009). Torres relied upon a defensive theory of fabrication, specifically claiming that the complainant may have been lying about sexual activity that occurred when he was an adult in order to get revenge for what he did to her when he was a juvenile. As such, witness credibility was a central issue at trial. In such cases, Rule 403 should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or the complainant. *See id.*

Finally, as to the third factor, Torres contends that the State spent approximately 90% of its case developing the extraneous-offense testimony. The State disputes this calculation, noting that Torres limited his evaluation of the record solely to the complainant's testimony, rather than considering the total amount of testimony in front of the jury during the guilt-innocence phase. As a result, the State contends that Torres's computation is greatly inflated. Even assuming that this factor weighs in favor of exclusion, in our review of the record, the time spent developing the extraneous-offense evidence is not so substantial as to outweigh the other three factors we have considered.

A "clear disparity" between the degree of prejudice of the complained-of testimony and its probative value does not exist. *See Hammer*, 296 S.W.3d at 568. We therefore find that the trial court did not abuse its discretion by admitting the extraneous-offense evidence over Torres's objection under Rule 403. Accordingly, Torres's sole issue on appeal is overruled. We affirm the judgments of the trial court.

 

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  March 5, 2026

Before Justice Smith,
      Justice Harris, and
      Senior Chief Justice Rose[2]
Affirmed
Do not publish
CR25



---

[2] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Texas.